SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 25 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BEN BURKE, M.D.                                                             PLAINTIFF

V.                                              CIVIL ACTION NO. 5:17cv14KS-MTP

MANAGEMENT & TRAINING                                                       DEFENDANT
CORPORATION

**COMPLAINT**
**(JURY TRIAL REQUESTED)**

COMES NOW the Plaintiff, Ben Burke, M.D., by and through counsel, and files this Complaint against the Defendant Management & Training Corporation (hereinafter "MTC") and, in support for relief sought herein would show unto the Court the following:

1. Plaintiff, Ben Burke, M.D., was at all material and relevant times, an adult resident citizen of Adams County, Mississippi, wherein he is currently domiciled.

2. Defendant, MTC, is a Delaware corporation who maintains its principal place of business in the state of Utah and was at all times relevant to this Complaint in a contractual arrangement in whole or in part in the State of Mississippi with the Mississippi Department of Corrections, Wilkinson County, and contracted to operate the Wilkinson County Correctional Facility in Woodville, Wilkinson County, Mississippi.

3. Plaintiff, at all times relevant herein, is a physician licensed to practice medicine in the State of Mississippi and was the only physician working at the Wilkinson County Correctional Facility on or about January 25, 2016. It is the Plaintiff's contractual duty to provide medical services to the inmates of the correctional facility which is under the contractual arrangement and operated by MTC.

4. The claims and occurrences, which are set forth herein, took place, arose, accrued or occurred, in whole or in part, in Wilkinson County, Mississippi, such that this Court is vested with proper venue and personal jurisdiction. Subject matter jurisdiction exists inasmuch as the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. On or about January 25, 2016, the Plaintiff was attending to his duties of caring for and treating inmates at the facility. It was the responsibility of MTC to provide properly trained personnel to bring inmates to the medical clinic located at the correctional facility to be examined and treated by Plaintiff. Under the rules and regulations by which MTC was to deliver inmates for the care and treatment by Plaintiff, only six (6) inmates at a time were to be brought to the facility and placed within a holding area to be seen. In place at the time were further rules and regulations and various protocols for the officers hired and placed by MTC to maintain direct observation and control of inmates brought into the medical clinic. However, on January 25, 2016, MTC, through its employees, wholly failed to follow its own rules, regulations and protocols to protect the Plaintiff, who was in a helpless state, from assaults committed by violent inmates.

6. On January 25, 2016, the employees of MTC, brought inmates into the medical clinic holding area, all of which were considered dangerous. MTC's rules, regulations and protocols required that an inmate's hands be cuffed behind the back and ankle irons for the long-term offenders.

7. Due to the negligent acts or omissions of MTC and its employees and representatives, an inmate was improperly and negligently shackled or cuffed and/or was otherwise allowed to attack Plaintiff, causing severe physical and emotional trauma and injuries.

8. MTC wholly failed to properly train and/or supervise its employees to ensure Plaintiff's safety by failing to follow its rules, regulations and protocols set in place to protect Plaintiff from any such incident as that which occurred on January 25, 2016.

9. In its duty to protect the Plaintiff, MTC was required to possess and exercise that degree of reasonable skill and care to properly supervise and train its employees and protect Plaintiff, the only physician who will actually work in the facility due to its dangerous atmosphere. Due to MTC's failure to properly train, supervise or otherwise instruct its employees to follow any and all rules, regulations and protocols concerning the inmates that are brought in the medical clinic to be presented to Plaintiff, MTC was negligent, including but not limited to, the following respects:

   a. MTC did improperly and imprudently create the situation where the physical injury to Plaintiff was caused by allowing an inmate to attack Plaintiff in the medical clinic;

   b. MTC improperly failed to recognize the dangerous condition posed by the inmate and to ensure that the proper rules, regulations and protocols for safety of Plaintiff were performed;

   c. MTC improperly and negligently failed to recognize that the attack was taking place and to otherwise protect Plaintiff once the attack began, all as a result of the negligence of MTC and its employees;

   d. MTC is vicariously liable for its employees' negligent performance of their tasks; and

   e. Such other acts, omissions, conduct or misconduct as may be shown at the trial of this matter.

10. MTC is a sophisticated company involved in placing contracts with Departments of Correction throughout the United States and several in the state of Mississippi, including the Wilkinson County Correctional Facility, where the negligence occurred.

11. As the direct and proximate result of the aforesaid negligence, acts or omissions to acts by MTC and its employees, Plaintiff is entitled to recover any and all actual and compensatory damages for the following:

   a. Physical injury and damage to Plaintiff;

   b. Pain and suffering;

   c. Disability;

   d. Loss of capacity for enjoyment of life;

   e. Medical expenses incurred by the Plaintiff in undergoing care and treatment required due to the negligence of the Defendant;

   f. Pain and suffering associated with the physical and emotional damage caused by the Defendant;

   g. Physical, mental and emotional pain and suffering by the Plaintiff, all as a result of the actions or omissions to act of the Defendant;

   h. Such other actual and compensatory damages as a jury of Plaintiff's peers may deem appropriate under the circumstances.

12. The acts or omissions of Defendant were so egregious to rise to gross negligence evidencing a willful, wanton or reckless disregard for the safety of Plaintiff in his helpless state, and for which Defendant knew or should have known that a violent assault by a dangerous inmate would occur. Accordingly, punitive damages should be awarded to Plaintiff for an amount as deemed appropriate by a jury of Plaintiff's peers.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Ben Burke, M.D., by and through his counsel, brings this action and demands judgment of, from and against the Defendant, MTC, for such actual and compensatory damages, as well as punitive damages, which are claimed within the jurisdictional limits of this Court and as to be determined by a jury of his peers, along with all costs, including reasonable attorneys' fees and expenses for this action, plus pre-taxed judgment and post-judgment interest and earnings.

Respectfully submitted this the 25th day of January, 2017.

BEN BURKE, M.D.

BY: WATKINS & EAGER PLLC

BY: _____
Clifford B. Ammons, MSB #1556
James M. Tyrone, MSB #102381
Clifford B. Ammons, Jr., MSB# 102964

OF COUNSEL:

WATKINS & EAGER PLLC
The Emporium Building
Post Office Box 650
Jackson, Mississippi 39205
Telephone: 601/965-1900
Facsimile: 601/965-1901
cammons@watkinseager.com
mtyrone@watkinseager.com
ammonsjr@watkinseager.com