IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BEN BURKE, M.D.                                                              PLAINTIFF

VS.                                                       CAUSE NO. 5:17-cv-14-KS-MTP

MANAGEMENT & TRAINING
CORPORATION                                                DEFENDANT

## ANSWER AND DEFENSES OF
## MANAGEMENT & TRAINING CORPORATION

COMES NOW Defendant Management & Training Corporation, by and through counsel, and responds to Plaintiff's Complaint against it, as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant further raises all defenses under Rule 12(b)(1)-(7) of the Federal Rules of Civil Procedure in response to Plaintiff's Complaint against it and moves to dismiss pursuant thereto, as applicable.

## SECOND DEFENSE

Without waiving the right to first be heard on the foregoing defenses, Defendant responds to the allegations contained in Plaintiff's Complaint, paragraph by paragraph, as follows:

1. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and, therefore, the same are denied.

2. It is admitted that MTC is a Delaware corporation with its principal place of business in Utah, and that MTC at all relevant times operated Wilkinson County Correctional Facility

D0715364.1

("WCCF") under contract with the Mississippi Department of Corrections. The remaining allegations contained in Paragraph 3 of the Complaint are denied as stated.

3. It is admitted that Plaintiff works as a doctor at WCCF and that he was at WCCF on January 25, 2016. The remaining allegations contained in Paragraph 3 are denied as stated.

4. The allegations contained in Paragraph 4 are denied as stated.

5. It is admitted that Plaintiff was in the medical department for treatment on January 25, 2016. It is further admitted that MTC and its employees had certain duties and responsibilities as it pertains to safety and security at WCCF. The remaining allegations contained in Paragraph 5 are denied as stated.

6. Denied as stated.

7. Denied.

8. Denied.

9. It is admitted that MTC has certain duties and responsibilities as it pertains to safety and security at WCCF. The remaining allegations contained in Paragraph 9, including each of the allegations contained in subparagraphs 9(a) through 9(e), are denied.

10. Denied as stated.

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint, including the allegations contained in subparagraphs 11(a) through 11(h), are denied.

12. Denied.

In response to the last unnumbered paragraph of Plaintiff's Complaint beginning with the word, "WHEREFORE," Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever from Defendant.

## THIRD DEFENSE

AND NOW having responded to the allegations of Plaintiff's Complaint and having denied all liability in the premises, Defendant would show unto the court the following special and affirmative matters:

## FIRST AFFIRMATIVE DEFENSE

All allegations contained in Plaintiff's Complaint which are not specifically admitted, are denied.

## SECOND AFFIRMATIVE DEFENSE

Defendant would affirmatively show that the sole proximate cause of the alleged incident, damages, and injuries, if any, was the result of the negligence or intentional acts of the Plaintiff or others for whom Defendant can have no responsibility. Alternatively, the Plaintiff's negligence was a proximate contributing cause which must be dealt with according to the Mississippi Law of Comparative Negligence.

## THIRD AFFIRMATIVE DEFENSE

Defendant hereby invokes MISS. CODE ANN. § 85-5-7, and pleads that Plaintiff's damages, if any, should be reduced by the negligence of any other potential tortfeasor currently not a party to this action, including but not limited to Tyrone Walker.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has a duty to use reasonable care to mitigate damages, and any damages that could have been mitigated by the use of reasonable care and were not, are not recoverable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff may have suffered from pre-existing conditions not caused or contributed to by the

accident in question and, if so, damages for pre-existing conditions are not recoverable.

## SIXTH AFFIRMATIVE DEFENSE

Defendant pleads accord and satisfaction or set off to the extent the Plaintiff has received and may receive payment or compensation from any other entity with regard to this matter.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant invokes and asserts all protections, defenses and limitations and caps set forth in the Mississippi Tort Reform Act, as codified at MISS. CODE ANN. § 11-1-60.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint seeks damages which are not recoverable under the law, including, but not limited to, attorney's fees.

## NINTH AFFIRMATIVE DEFENSE

Defendant, at all times complained of herein, acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, without any intent to cause harm, and Defendant is not guilty of any tortious conduct or omission. The actions taken by Defendant were taken in good faith and in good faith reliance upon then-existing law.

## TENTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that it committed no negligence or wrongful act or omission which proximately caused or contributed to the Plaintiff's damages, if any, as alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

The subject incident and all direct injuries or losses allegedly caused thereby were the result

of an intervening or superseding cause for which Defendant cannot be held liable.

## TWELFTH AFFIRMATIVE DEFENSE

There is no act or omission or any type of gross negligence or willful or wanton conduct that would give rise to the imposition of punitive damages in this case or even the consideration of the same. Defendant raises all provisions of MISS. CODE ANN. § 11-1-65 in response to the Plaintiff's claim for punitive damages, if any, and the same should be dismissed.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant incorporates by reference any and all limitations regarding the enforceability and the constitutionality of punitive damages awards as set forth in *BMW of America v. Gore*, 116 U.S. 1589 (1996), and *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). The imposition of punitive damages violates various articles and sections of the Mississippi Constitution and the United States Constitution including the due process clause, excessive fines, and the standards are not clear and, therefore, the imposition of punitive damages against Defendant is constitutionally vague and overly broad and violates the 8th and 14th Amendments of the Constitution of the United States of America and Article 3 and various sections thereunder of the Mississippi Constitution. Further, certain damages sought by Plaintiff and the imposition thereof would violate the 5th and 14th Amendments of the United States Constitution and the corresponding provisions of the Mississippi Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other and further defenses which may become available or apparent during discovery in this action, and reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, PREMISES CONSIDERED, Defendant Management & Training Corporation requests that it be dismissed from this action, with prejudice, with all costs to be assessed to the Plaintiff.

Respectfully submitted, this the 17th day of February, 2017.

            MANAGEMENT & TRAINING CORPORATION

            BY: /s/ *Steven J. Griffin*
               OF COUNSEL

STEVEN J. GRIFFIN - BAR #103218
sgriffin@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116

## CERTIFICATE OF SERVICE

I, Steven J. Griffin, hereby certify that on **February 17, 2017**, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

  Clifford B. Ammons, Esq.
  James M. Tyrone, Esq.
  Watkins & Eager, PLLC
  Post Office Box 650
  Jackson, MS 39205

THIS, the 17th day of February, 2017.

            /s/ *Steven J. Griffin*
            STEVEN J. GRIFFIN